**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TONYA KIM BLACKBURN,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES; MOAB FAMILY MEDICINE; EVE MAHER-YOUNG, PA-C; and DOE INDIVIDUALS 1 through 10,<br><br>     Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS GRANTED IN SEPTEMBER 20, 2019 ORDER (ECF NO. 132)**<br><br>Case No. 2:18-cv-00116-DBB-EJF<br><br>Judge David Barlow<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Tonya Kim Blackburn moves the Court for attorneys' fees and costs in accordance with the Court's September 20, 2019 Order ("September 20 Order"). (Motion for Attorneys' Fees and Costs Granted in September 20, 2019 Order ECF No. 132.) Ms. Blackburn seeks an award of fees and costs pursuant to the September 20 Order in the amount of $29,774.83. For the reasons addressed below, the Court GRANTS IN PART AND DENIES IN PART the Motion and awards Ms. Blackburn $17,509.83 in fees and costs in connection with the September 20 Order.

## BACKGROUND

On September 20, 2019, the Court issued its Order Regarding Plaintiff's Short Form Discovery Motions. (Sept. 20 Order, ECF No. 110.) In that Order, the Court granted in part and denied in part Ms. Blackburn's Discovery Motion Regarding Electronic Health Records (ECF No. 87). (Id. at 2–8.) In addition to ordering the United

States[1] to produce certain documents, the Court found that the United States lacked substantial justification for its position and awarded Ms. Blackburn her fees and costs (1) in bringing the Motion and arguing it at the June 26, 2019 hearing, with the exception of fees and costs incurred during the meet and confer process, and (2) conducting the Rule 34 inspection at MFHC on April 29, 2019.  (Id. at 7–8.)  As to the Rule 34 inspection, the Court indicated that it "limits the award of costs and fees to the expenses and fees incurred on April 29, 2019, and does not include any work or preparation that occurred before the actual inspection."  (Id. at 8.)

The Court also granted in part and denied in part Ms. Blackburn's Discovery Motion Regarding Compensation Paid to Providers (ECF No. 88).  (Sept. 20 Order 8–14, ECF No. 110.)  In addition to ordering the United States to produce certain documents, the Court found that the United States lacked substantial justification for its position and awarded Ms. Blackburn the fees and costs incurred in bringing and arguing the Motion at the June 26 hearing, with the exception of fees and costs incurred during the meet and confer process.  (Id. at 13–14.)

Further, the Court granted Ms. Blackburn's Discovery Motion Regarding Employee Files, Continuing Education, and Time Sheets (ECF No. 90).  (Sept. 20 Order 18–24, ECF No. 110.)  In addition to ordering the United States to produce certain documents, the Court found that the United States lacked substantial justification for its position and awarded Mr. Blackburn the fees and costs incurred in bringing the Motion

---

[1] The United States appears on behalf of Moab Free Health Clinic ("MFHC").  The Court uses the United States and MFHC interchangeably.

and arguing it at the June 26 hearing, with the exception of fees and costs incurred during the meet and confer process.  (Id. at 24.)  The Court denied Ms. Blackburn's Discovery Motion Regarding Payments Made for Plaintiff's Care (ECF No. 89) as well as her Discovery Motion Regarding Guidelines and Treatment Protocols (ECF No. 91), and did not award fees or costs in connection with those Motions.  (Id. at 15–18, 24–27.)

The Court ordered counsel for the parties to attempt to reach an agreement as to the amount of Ms. Blackburn's costs and fees awarded pursuant to the September 20 Order and indicated that if the parties could not reach an agreement, Ms. Blackburn should file a motion for costs and attorney's fees within twenty-one days.  (Sept. 20 Order 8, 14, & 24, ECF No. 110.)  The parties failed to reach an agreement as to the amount of costs and fees, necessitating the present Motion for Attorneys' Fees and Costs.  With the Motion, Ms. Blackburn's attorney, Heather Thuet, submitted an affidavit regarding the attorney's fees and costs incurred in connection with the discovery motions at issue.  (Thuet Aff., ECF No. 132-1.)  The United States filed a response to the Motion and affidavit (Response, ECF No. 158), and Ms. Blackburn replied (Reply, ECF No. 160).

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) requires a court to award the party prevailing on a motion to compel discovery its "reasonable expenses incurred in making the motion, including attorney's fees," unless the moving party failed to comply with the "meet and confer" requirement, the opposing party had substantial justification for its

position, or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Courts should award Rule 37 sanctions to " 'deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.' " Centennial Archaeology, Inc. v. AECOM, Inc., 688 F.3d 673, 680 (10th Cir. 2012) (quoting Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment). Discretion to determine the amount of a fee award lies with the district court.  See Sun River Energy, Inc. v. Nelson, 800 F.3d 1219, 1228 (10th Cir. 2015).

The process followed when awarding attorney's fees after a plaintiff prevails in a 42 U.S.C. § 1983 matter informs this Court's determination about what amount of attorneys' fees qualifies as reasonable.  In such cases the Court must arrive at a "lodestar" figure by multiplying the hours counsel reasonably spent on the motion by a reasonable hourly rate.  See United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1233 (10th Cir. 2000).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan., 157 F.3d 1243, 1249 (10th Cir. 1998) (citing Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1201 (10th Cir. 1986)).

## I.   REASONABLE HOURLY RATE

"The party requesting fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' "  United Phosphorous Ltd.,

205 F.3d at 1234 (quoting Ellis v. University of Kan. Med. Ctr., 163 F.3d 1186, 1203

(10th Cir. 1998)).

Ms. Thuet's affidavit indicates that she has fifteen years of experience, mostly as

a litigator, and that the hourly rate charged in Utah for medical malpractice cases such

as this one range from between $300 and $600 an hour, depending on the attorney's

experience.  (Thuet Aff., ¶¶ 2, 6, ECF No. 132-1.)  Ms. Thuet's rate in this case is

identified as $350 an hour.  (Id., ¶ 7.)  The United States does not object to the

reasonableness of Ms. Thuet's hourly rate.  (Response 2, ECF No. 158.)  Accordingly,

the Court finds Ms. Thuet's hourly rate of $350 reasonable.

## II.   REASONABLE HOURS

The party seeking fees must submit to the court "meticulous, contemporaneous

time records that reveal, for each lawyer for whom fees are sought, all hours for which

compensation is requested and how those hours were allotted to specific tasks."  United

Phosphorous, Ltd., 205 F.3d at 1233 (citing Case, 157 F.3d at 1250).  "The prevailing

party must make a 'good-faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary.' "  Robinson v. City of Edmond, 160

F.3d 1275, 1281 (10th Cir. 1998) (quoting Jane L. v. Bangerter, 61 F.3d 1505, 1509

(10th Cir. 1995)).  The parties may submit affidavits regarding the reasonableness of

the hours billed; however, "[m]ore important is the discretionary determination by the

district court of how many hours, in its experience, should have been expended on the

specific case, given the maneuverings of each side and the complexity of the facts, law,

and litigation."  <u>Case</u>, 157 F.3d at 1250.  A court may reduce the reasonable hours awarded if "unnecessary, irrelevant and duplicative."  <u>Id.</u>

### A.  April 29, 2019 Inspection

In addition to ten hours for traveling to and conducting the April 29 inspection at MHFC, Ms. Blackburn seeks fees for Ms. Thuet's drafting of the amended Rule 34 inspection notice (4/5/19 – 0.4 hours), and review of documents obtained during the inspection (5/1/19 – 1.8 hours).  (Thuet Aff., ¶ 7(a)(i), ECF No. 132-1.)  The United States objects to paying fees associated with reviewing documents because those documents would require review regardless of the inspection or for drafting the amended Rule 34 inspection notice because the amended notice was necessitated due to scheduling conflicts.  (Response 2 n.2, ECF No. 158.)

The Court declines to award fees for drafting the notice or reviewing documents because its September 20 Order specifically states that it "<u>limits the award of costs and fees to the expenses and fees incurred on April 29, 2019</u>, and does not include any work or preparation that occurred before the actual inspection."  (Sept. 20 Order 8, ECF No. 110 (emphasis added).)  Because the Court did not award fees and costs for any work before or after the April 29, 2019 inspection, the Court will not award the fees requested for work performed on April 5 or May 1.  The United States does not object to the award of fees for the April 29 inspection (Response 2, ECF No. 158), and the Court finds the number of hours reasonable for the work performed.  Therefore, the Court awards Ms. Blackburn $3,500 in fees with respect to the April 29 inspection at MFHC.

### B.  Motions to Compel

Ms. Blackburn seeks fees for (1) 11.4 hours of drafting the Discovery Motion
Regarding Electronic Health Records (ECF No. 87), (2) 14.7 hours of drafting the
Discovery Motion Regarding Compensation Paid to Providers (ECF No. 88), and (3)
14.6 hours of drafting the Discovery Motion Regarding Employee Files, Continuing
Education, and Time Sheets (ECF No. 90).  (Thuet Aff., ¶ 7(a)(ii), (iii) & (iv), ECF No.
132-1.)  The United States objects to the requested fees arguing that the motions "total
six pages and less than 1500 words," contain similarities, and contain minimum citations
to the Federal Rules of Civil Procedure and no case citations.  (Response 2, ECF No.
158.)  Accordingly, it claims that the over forty hours billed to draft these motions is
unreasonable and that a total of nine hours, or three hours per motion, is "more than
reasonable, given the brevity of the motions, simplicity of the issues raised, and lack of
any required legal research."  (Id.)  Ms. Blackburn replies that the United States'
assertion that the motions were simple is belied by the fact it brought a team to the June
26, 2019 hearing and that the Court issued a twenty-seven-page Order on the motions.
(Reply 5, ECF No. 160.)

The Court finds that the number of hours billed to draft the three motions to
compel is not entirely reasonable.  However, the reduction of hours sought by the
United States is not entirely reasonable either.  While the motions are necessarily
short—given the District of Utah's short form discovery rule—and contain some
repetition, the issues are not simplistic and involve a course of conduct, including
multiple meet and confers, that had occurred over many months proceeding the filing of

the motions.  The motions also contain a significant number of exhibits that Ms. Thuet

would have had to review and synthesize.  However, given the brevity of the motions

and the fact they contain only a few citations to the Rules and no citations to case law,

the Court finds that any time spent working on the motions beyond a day per motion is

unreasonable.  Therefore, the Court will award Ms. Blackburn fees totaling eight hours

for drafting each of the three motions, or twenty-four hours for all three motions, for a

total of $8,400.

### C.  June 26, 2019 Hearing

Ms. Blackburn seeks fees for 28.5 hours of work relating to the June 26, 2019

hearing on the motions to compel.  (Thuet Aff., ¶ 7(a)(v), ECF No. 132-1.)  Ms. Thuet

spent twenty-five (25) of the hours billed preparing for the hearing, and the other three

and half hours attending the hearing and preparing and sending exhibits to the Court,

per its request, after the hearing.  (Id.)  The United States does not dispute the

reasonableness of the three and a half hours spent attending the hearing and preparing

and sending exhibits; however, it argues that the twenty-five hours spent preparing for

the hearing is unreasonable and that five hours of preparation for a hearing on short

form discovery motions is more appropriate.  (Response 2–3, ECF No. 158.)  The

United States points out that "it is unclear from counsel's affidavit whether the claimed

25 hours includes preparation for only the three motions on which Plaintiff prevailed, or

all five motions" argued at the hearing.  (Id. at 2.)

Ms. Blackburn has not met her burden of showing that the twenty-five hours

billed in preparing for the hearing relate to only the three motions to compel for which

the Court awarded fees.  Ms. Thuet's affidavit contains no detail in this regard; instead, the billing entries simply indicate "[p]repare for hearing" and "[s]ummarize records" produced for the hearing.  (Thuet Aff., ¶ 7(a)(v), ECF No. 132-1.)  Further, the Court finds that twenty-five hours of preparation for a hearing on short form discovery motions—by the same attorney who drafted the discovery motions—unreasonable. Given that Ms. Thuet both drafted and argued the motions, and that the motions were not overly complex, Ms. Thuet should not have needed extensive preparation.  Under these circumstances, the Court finds two hours of preparation per successful motion reasonable.  Therefore, the Court will award Ms. Blackburn fees totaling six hours for hearing preparation, 2.3 hours for attending the hearing, and 1.2 hours for preparing and sending exhibits to the Court—9.5 hours combined—for a total of $3,325 in fees for work related to the June 26 hearing.

### D.  Fee & Cost Affidavit

Ms. Blackburn seeks fees for 2.3 hours of time Ms. Thuet spent drafting the fee and cost affidavit.  (Thuet Aff., ¶ 7(a)(vi), ECF No. 132-1.)  The United States does not dispute this request, (see Response 2, ECF No. 158), and the Court finds the time spent drafting the affidavit reasonable.  Therefore, the Court awards Ms. Blackburn $805 in fees with respect to drafting the fee and cost affidavit.

### E.  Objection/Fee & Cost Motion

In her Reply, Ms. Blackburn argues that the Court should order the United States to pay fees and expenses "incurred in drafting this reply, responding to MFHC's objection to the Magistrate's Order, and attempting to confer with MFHC in October

2019 as well as the fees and costs incurred in preparing and attending a hearing, if any"
because such "fees are all reasonably related to the discovery motions."  (Reply 6, ECF
No. 160.)  Ms. Blackburn's counsel did not submit an affidavit detailing any such fees
and costs.  The Court will not further multiply these proceedings by allowing Ms.
Blackburn's counsel to prepare and submit a supplemental affidavit, resulting in
additional motion practice.  Nonetheless, the Court recognizes the need to compensate
the prevailing attorney for the time spent in recovering the award.  The alternative could
allow the value of the award to be erased by the effort expended to obtain it.  Therefore,
the Court awards $1,000 for this additional time, for which Ms. Blackburn submitted no
separate account.

### F.  Costs

Ms. Blackburn also seeks $288.89 in travel costs related to the April 29
inspection and $190.94 in other expenses for research, photocopies, and parking.
(Thuet Aff., ¶ 7(a)(vii) & (viii), ECF No. 132-1.)  The United States does not object to any
of these costs, (see Response 2, ECF No. 158), and the Court finds the costs sought
reasonable.  Therefore, the Court awards Ms. Blackburn the requested $479.83 in
costs.

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART
Ms. Blackburn's Motion for Attorneys' Fees and Costs and awards Ms. Blackburn
$17,509.83.  The United States is ORDERED to pay the total amount of the fee and
cost award within fourteen (14) days.

DATED this 21st day of April, 2020.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge