# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TONYA KIM BLACKBURN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES; MOAB FAMILY MEDICINE; EVE MAHER-YOUNG, PA-C; and DOE INDIVIDUALS 1 through 10,<br><br>    Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 172)**<br><br>Case No. 2:18-cv-00116-DBB-EJF<br><br>Judge David Barlow<br><br>Magistrate Judge Evelyn J. Furse |

Ms. Blackburn seeks a variety of sanctions for discovery violations by the United States/Moab Family Medicine. (Pl.'s Mot. for Sanctions, ECF No. 172.) As addressed below, the Court GRANTS IN PART and DENIES IN PART Ms. Blackburn's Motion for Sanctions.

Ms. Blackburn renews her request for the Court to strike the United States' thirteenth affirmative defense, for the costs and fees associated with bringing Plaintiff's Short Form Discovery Motion regarding payments for made for her care (ECF No. 89), and the costs of the meet and confers leading to the filing of the discovery motions. The Court previously denied all these requests. (Order Re: Pl.'s Short Form Discovery Motions (ECF Nos. 87, 88, 89, & 91) ("Order"), ECF No. 110.) Nothing in the interim changes the Court's opinion with respect to denial of any of these sanctions, and therefore denies them again.

1

Ms. Blackburn also seeks some new sanctions:

1. the fees and costs associated with the July 16, 2019 inspection, which the United States indicates it is willing to pay;

2. the fees and costs associated with issuing the third set of discovery requests;

3. the fees for taking William Cornett and Sean Buck's depositions;

4. the fees and costs associated with piecing together the Volgistics spreadsheet; and

5. the fees and costs incurred in bringing and arguing Plaintiff's Short Form Discovery Motion regarding volunteer records (ECF No. 117) and the present Motion(ECF No. 172).

Given that the United States agrees to pay the fees associated with the one hour July 16, 2019 inspection, and the Court finds that inspection critical in Ms. Blackburn's obtaining full discovery in this case, the Court awards fees of $350[1] to Ms. Blackburn.

The Court disagrees with the Government's position that Request for Production No. 8 did not request volunteer time sheets and records and held as much in its Order, ECF No. 110.  The Court finds the Government's refusal to produce those records absent a new request for production needlessly increased Ms. Blackburn's costs and took time.  Therefore, the Court awards Ms. Blackburn her fees and costs in preparing the third set of document requests.  To avoid further motion practice and based on the Court's experience, the Court finds $1,400 should appropriately compensate for expenditures of time and money and deter future misconduct.

---

[1] In prior motions, the Court has found counsel for Ms. Blackburn's reasonable hourly rate for this case to be $350.

As to the deposition of William Cornett, the deposition lasted from roughly nine in the morning to four in the afternoon.  Approximately eleven pages appear to relate to the volunteer time issue.  Much of Mr. Cornett's deposition related to clinic practices and his role in Ms. Blackburn's care.  Similarly, Dr. Sean Buck answered questions about his role on the Board of Directors, clinic practices, and his relationship to two of Ms. Blackburn's treaters in addition to his management of volunteers.  While both of these depositions played significant roles in helping Ms. Blackburn uncover information important to her case, including the names of the volunteers involved in her care and moneys expended in connection with volunteers, the Court cannot say these depositions would not have been necessary absent the United States' discovery failings.  The Court will award Ms. Blackburn one hour of counsel's time for each deposition to compensate for the time that she could have avoided having to spend in the deposition absent the discovery problems, for a total of $700.

The Government contends that it produced the Volgistics spreadsheet in the most accessible fashion it could and that it received the spreadsheet in PDF format.  Taking the Government's counsel at his word that the spreadsheet only existed in PDF format, the Government should have provided some sort of instructions on how to assemble the spreadsheet to avoid wasting time and creating confusion.  That said, Ms. Blackburn's counsel should have contacted the Government's counsel prior to spending time trying to piece together the spreadsheet to see if they could have provided assistance.  Given that Ms. Blackburn's counsel did not reach out to the Government's

counsel regarding the spreadsheet before attempting to piece it together, the Court finds an award of fees for the time spent unwarranted.

The Court ordered briefing on this Motion for a variety of reasons, not the least of which was Plaintiff's Short Form Discovery Motion regarding volunteer records (ECF No. 117) did not actually request any relief. The Court will not award the fees and costs for bringing or arguing a Motion that does not request any relief. As to the instant Motion, again the Court finds a portion of the Motion warrants relief and another portion does not. Under the circumstances, the Court will award Ms. Blackburn an additional $5,000 to compensate for the reasonable fee incurred in bringing this Motion.

In sum, the Court GRANTS IN PART Ms. Blackburn's request for monetary sanctions and ORDERS the United States to pay Ms. Blackburn an additional $7,450.00 within fourteen (14) days of the date of this Order.

DATED this 23rd day of April, 2020.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge